IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PAUL ATKINS,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**HEAVY PETROLEUM PARTNERS, LLC, et al.,**<br><br>    **Defendants.** | Case No. 14-4016-DDC-KGG |

**MEMORANDUM AND ORDER**

Plaintiff filed this lawsuit against defendants in the District Court of Jefferson County, Kansas, on January 6, 2014, alleging fraud, fraud on the court, and conspiracy claims under Kansas law.  On February 12, 2014, defendants Heavy Petroleum Partners, LLC, Cherokee Wells, LLC, Robert DeFeo, Jens Hansen, John Wesley Broomes, and Hinkle Law Firm LLC (hereinafter, "the Removing Defendants") timely filed a Notice of Removal in this Court under 28 U.S.C. §§ 1332, 1441, and 1446.  This matter is before the Court on the Removing Defendants' Motion to Transfer Case (Doc. 14).  As explained in more detail below, the Court grants the Removing Defendants' Motion to Transfer Case (Doc. 14).

    **I.**    **Background**

The allegations in plaintiff's Petition arise from a dispute over an oil and gas lease in northeast Kansas.  Among other allegations, plaintiff claims that defendants fraudulently obtained his interest in an oil and gas lease ("the Noll Lease") during the pendency of a separate lawsuit filed in the District of Kansas styled *Heavy Petroleum Partners, LLC v. Atkins*, Case No. 09-1077-EFM ("the First Lawsuit").  *See* Pl.'s Pet. Under K.S.A. Ch. 60 (Doc. 1-1 at ¶ 1).  The

1

Honorable Eric F. Melgren in the Wichita Division of the United States District Court for the District of Kansas presided over the First Lawsuit.

Under Fed. R. Civ. P. 1 and 28 U.S.C. §1404(a), the Removing Defendants move the Court to transfer this case to Judge Melgren. Plaintiff opposes the motion to transfer, arguing it is a hardship for plaintiff, his counsel, and non-party witnesses to travel from Jefferson County, Kansas, to Wichita, Kansas, for the proceedings in this case. The Removing Defendants assert that the transfer of this case to Judge Melgren in Wichita would promote the interests of justice because Judge Melgren presided over the First Lawsuit which lasted almost five years and included two trials and multiple hearings. In that lengthy litigation, the Removing Defendants argue, Judge Melgren obtained "an intimate understanding of the facts in this lawsuit." In addition, Judge Melgren issued the orders that plaintiff claims were obtained by fraud. The Court finds that these arguments are valid ones for transferring the lawsuit to a judge who possesses a sophisticated grasp of the underlying facts. Consequently, the Court concludes that a transfer will promote the interests of justice.

**II.     Legal Standard**

Fed. R. Civ. P. 1 states that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Title 28 U.S.C. § 1404(a) provides that "a district court may transfer any civil action to any other district or division where it might have been brought" if such transfer is appropriate "[f]or the convenience of parties and witnesses, in the interest of justice." "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (citations omitted). The district court has discretion in considering motions for

transfer using "an 'individualized, case-by-case consideration of convenience and fairness.'" *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)) (further quotations omitted).

The Tenth Circuit has provided a list of factors that a district court should consider in deciding whether to transfer an action pursuant to 28 U.S.C. §1404(a):

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

**III.   Analysis**

    **a.  The Lawsuit "Might Have Been Brought" before Judge Melgren.**

First, the Court agrees with the Removing Defendants that this action "might have been brought" before Judge Melgren, which 28 U.S.C. § 1404(a) requires before the Court may order a transfer. As described above, plaintiff filed this action in Jefferson County, Kansas (the Second Judicial District), and the Removing Defendants removed the lawsuit to federal court. As required by this Court's local rule, they filed the Notice of Removal in the Topeka Division. *See* D. Kan. Rule 81.1(b)(2); *see also* Notice of Removal (Doc. 1 at ¶ 37).

The District of Kansas has a district-wide civil draw for its active judges. *See 613 Agro Holdings, LLC v. Renick*, No. 12–2425–JAR, 2013 WL 1091632, at *6 (D. Kan. Mar. 15, 2013) (explaining the district-wide draw and refusing to transfer a case to the Wichita Division because "Defendants are just as likely upon 'transfer' to draw a Kansas City judge as when the case was initially filed."); *see also* E-mail from Kansas Federal District Court (Chief Judge Kathryn H. Vratil) to Attorneys Registered in the District of Kansas (February 5, 2010, 10:37 CST) (on file

3

with the United States District Court for the District of Kansas and attached as Exhibit A to this Order).  When the Removing Defendants removed this case, the Notice of Removal was filed in the Topeka Division as required by the local rule, but the case was assigned initially to the Honorable Kathryn H. Vratil, a Kansas City judge, under the district-wide draw.  On May 13, 2014, Judge Vratil assigned the case to the undersigned Judge, who sits in Topeka (Doc. 21).  Under the district-wide draw, the case might have been assigned to Judge Melgren at the time it was removed.  Thus, this case might have been brought before Judge Melgren.

The Court notes that the Removing Defendants have filed a Designation of Place of Trial designating Wichita, Kansas, as the place for trial in this lawsuit.  Doc. 3.  However, as the Removing Defendants concede, Judge Melgren tried the two trials in the First Lawsuit in Topeka, Kansas.  At this time, the Court is not addressing the appropriate trial location for this action.  If the parties dispute the proper location for trial, they must take up that issue at another time.

### b.  Transfer Will Promote the Interests of Justice.

Second, the Court finds that transfer is appropriate here in the interests of justice.  The claims in this lawsuit are based almost entirely on events that occurred in the First Lawsuit.  Judge Melgren, who presided over the First Lawsuit, already possesses an understanding of the facts involved in this case, and, as the Removing Defendants point out, the parties have built a substantial record before Judge Melgren involving many of the same facts and legal issues that are asserted in the Petition in this lawsuit.

The Removing Defendants also assert that an action for fraud on the court is best heard in the court that rendered the judgment that was obtained by fraud.  *See*, *e.g.*, *Crosby v. Mills*, 413 F.2d 1273, 1275 (10th Cir. 1969) (stating that the "better practice" is to assert a collateral attack

of a judgment under Rule 60 to the referee in a bankruptcy proceeding, who issued the orders being attacked); *see also Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 247–50 (1944) (holding that where the fraud had been committed on the Third Circuit, that court was the appropriate court to remedy the fraud ); *Weisman v. Charles E. Smith Mgmt., Inc.*, 829 F.2d 511, 513–14 (4th Cir. 1987) (holding that the district court, and not the appellate court, is in the best position to decide whether any fraud was perpetrated on it and therefore must decide whether to set aside the judgment based upon fraud on the court); *Taft v. Donellan Jerome, Inc.*, 407 F.2d 807, 809 (7th Cir. 1969) (stating that plaintiff's action filed in the United States District Court for the Southern District of Indiana seeking to set aside a judgment from the United States District Court for the Northern District of Illinois based on fraud on the court must be brought in the court which rendered the original judgment); *Chewning v. Ford Motor Co.*, 35 F. Supp. 2d 487, 492 (D.S.C. 1998) (holding that the action should be remanded to the state court that rendered the judgment because an equitable action to set aside a verdict may only be heard by the court whose judgment is challenged); *see also* 11 Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 2870 (3d ed. 2012) ("If the fraud was on an appellate court, that court, rather than the trial court, should consider the matter."). Here, Judge Melgren issued the orders that plaintiff claims were obtained by fraud on the court. Thus, this Court concludes that Judge Melgren is in the better position to decide the issues in this case.

The Court is not persuaded by plaintiff's arguments that he, his counsel, and non-party witnesses will suffer hardship if they are forced to travel from Jefferson County, Kansas, to Wichita, Kansas, for the proceedings in this case. In determining that transfer is appropriate here, the Court is transferring the case to Judge Melgren for pretrial proceedings, and as noted above, the Court is not ruling on the proper location for trial. As Judge Robinson recently noted,

"most pretrial proceedings are conducted by phone, and pretrial motions in civil cases are rarely called for hearing" in this District. *613 Agro Holdings, LLC*, 2013 WL 1091632, at *6. Thus, the pretrial proceedings in this case should not require plaintiff to travel to Wichita. Therefore, the Court does not find that plaintiff will suffer hardship by assigning this case to Judge Melgren for the pretrial proceedings.

For these reasons, the Court finds that the Removing Defendants have met their burden to establish that transfer is appropriate under 28 U.S.C. § 1404(a) in the interests of justice. Therefore, the Court grants the Removing Defendants' Motion to Transfer Case and orders the Clerk of the Court to reassign this case to Judge Melgren.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Removing Defendants' Motion to Transfer Case (Doc. 14) is granted.

**IT IS SO ORDERED.**

**Dated this 6th day of August, 2014, at Topeka, Kansas.**

>                             **s/ Daniel D. Crabtree**
>                             **Daniel D. Crabtree**
>                             **United States District Judge**

6