## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

PAUL ATKINS,

        *Plaintiff*,

v.

HEAVY PETROLEUM PARTNERS,
LLC, et al.,

        *Defendants*.

Case No. 14-4016-EFM-KGG

## MEMORANDUM AND ORDER

Plaintiff Paul Atkins filed this lawsuit against Defendants in the District Court of Jefferson County, Kansas, on January 6, 2014, alleging fraud, fraud on the court, and conspiracy claims under Kansas law.  On February 12, 2014, Defendants Heavy Petroleum Partners, LLC, Cherokee Wells, LLC, Robert DeFeo, Jens Hansen, John Wesley Broomes, and Hinkle Law Firm LLC (hereinafter, "the Removing Defendants") timely filed a Notice of Removal in this Court.  This matter is before the Court on Plaintiff's Motion to Remand Action to the District Court of Jefferson County under 28 U.S.C. § 1447(c) (Doc. 12).  Also pending before the Court is Plaintiff's Motion to Stay Proceedings Until Resolution of the Plaintiff's Motion to Remand (Doc. 13).  As explained in more detail below, the Court denies Atkins' Motion to Remand, and the Court grants, at least temporarily, Plaintiff's Motion to Stay Proceedings.

### I.      Factual and Procedural Background

Plaintiff Atkins filed this action in state court against the following eleven defendants: (1) Heavy Petroleum Partners, LLC, (2) Cherokee Wells, LLC, (3) Robert DeFeo, (4) John Wesley Broomes, (5) Hinkle Law Firm, LLC, (6) Prometheus Petroleum, LLC, (7) David E. Orr,

(8) Arden Ellis, (9) Jens Hansen, (10) Jag Petroleum, LLC, and (11) Maclaskey Oilfield Services, Inc. Atkins' Petition alleges various state law claims arising from a dispute over an oil and gas lease in northeast Kansas. The following facts are either taken from the Petition that Atkins filed in the District Court of Jefferson County, Kansas, on January 6, 2014 ("Plaintiff's Petition"), or from the record in a separate lawsuit filed in the District of Kansas styled *Heavy Petroleum Partners, LLC v. Atkins*, Case No. 09-1077-EFM ("the First Lawsuit").

Atkins is allegedly the sole owner of a 6.5% overriding royalty interest in an oil and gas lease ("the Noll Lease"). Atkins is also an owner of a family-owned business, J.J.R. of Kansas Limited ("J.J.R."), which had an ownership interest in a separate oil and gas lease ("the Zachariah Lease"). Late in the pendency of the First Lawsuit, the parties disputed whether J.J.R. had an ownership interest in the Noll Lease. This dispute is explained in more detail below.

In the present lawsuit, as one of his claims, Atkins asserts that Defendants fraudulently obtained his interest in the Noll Lease during the pendency of the First Lawsuit.[1] Atkins also

---

[1] *See* Plaintiff's Petition, Doc. 1-1, p. 2, ¶ 1. Plaintiff Paul Atkins alleged in the Introduction of his Petition that his "interest in the Noll lease was taken by fraud and without jurisdiction by the defendants during an ongoing action in the Kansas U.S. District Court against the Kansas corporation JJR of Kansas, LLC, for breach of contract." *Id.* In addition, Plaintiff alleged that "[t]he complained of conduct took place during the conduct of the litigation *Heavy Petroleum Partners, LLC, et al v. Atkins, et al*, KS. Dist. Court Case No. 09-1077 where two of the defendants were plaintiffs." Plaintiff's Petition, Doc. 1-1, p. 4, ¶ 19.

The Court notes that when considering removal on the basis of fraudulent joinder, it must resolve factual and legal issues in favor of the plaintiff. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). Upon allegations of fraudulent joinder, however, the Court may also pierce the pleadings and consider the entire record. *See Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). In the current lawsuit (Case No. 14-4016), the allegations are intricately tied to the First Lawsuit (09-1077) and the Court must consider that record as well. Because the Court presided over the First Lawsuit and is familiar with the record and the proceedings, the Court will not set forth alleged facts from Plaintiff's Petition (or his Motion to Remand) that misrepresent the prior litigation or facts that are false and proven so by the record. For example, in Plaintiff's Motion to Remand, he alleges several facts in which he states that the undersigned "expressly declined to address the fraud on the court or the ownership of the Noll lease and did not resolve the issues despite the court expressly stating Paul Atkins could recover or obtain redress for the Noll lease." Doc. 12, p. 3, ¶ 6. In actuality, the Court did not decline to address the Noll lease issue but instead allowed briefing on the issue. Atkins, through his counsel, then abandoned this issue. In addition, the Court never made such a finding that Atkins could recover or obtain redress for the Noll lease. Instead, as noted above, the Court allowed for briefing on the issue.

alleges various other fraud and conspiracy claims which are described below when they are relevant to the issues arising on the Motion to Remand.

In the First Lawsuit, Heavy Petroleum Partners LLC ("HPP") and Cherokee Wells, LLC ("Cherokee Wells") brought an action against J.J.R. and Atkins (as an owner of J.J.R.) alleging that J.J.R. and Atkins had wrongfully interfered with HPP and Cherokee Wells' oil and gas lease interests by shutting-in (turning off) producing oil wells. HPP and Cherokee Wells asserted breach of contract claims and sought to quiet title. On November 16, 2009, J.J.R. and Atkins sought leave to amend their Answer in the First Lawsuit to assert several counterclaims against HPP and Cherokee Wells, including fraud claims.[2] Specifically, J.J.R. and Atkins alleged:

> Defendants have been damaged by their reliance upon the false, fraudulent, intentionally misleading statements and representations of partners, employees and agents of plaintiffs when defendants detrimentally relied on the statements that plaintiff Heavy Petroleum Partners, L.L.C. was skilled, experienced and qualified to conduct heavy petroleum extraction on defendants' lease with the use of secondary recovery steam injection technology. This fraud resulted in damages to defendants due to their detrimental reliance.[3]

The magistrate judge denied the Motion for Leave to Amend finding, among other things, that J.J.R. and Atkins' request for leave to assert fraud claims was futile because the claims were "conclusory and lack[ed] the specificity required by [Fed. R. Civ. P.] 9(b)" and therefore would not survive a motion to dismiss.[4]

On June 9, 2010, the district court granted HPP and Cherokee Wells' motion for partial summary judgment and entered summary judgment in favor of HPP and Cherokee Wells on their quiet title claim.[5] In December 2010, the district court held a jury trial on the limited issue of

---

[2] Case No. 09-1077-EFM, Docs. 69, 69-1.

[3] Case No. 09-1077-EFM, Doc. 69-1, pp. 3-4, ¶ 8.

[4] Case No. 09-1077-EFM, Doc. 92, p. 4.

[5] Case No. 09-1077-EFM, Doc. 98.

whether J.J.R. and Atkins breached their duty to pay under a contract.  A jury found J.J.R. and Atkins liable in the amount of $87,387.03.[6]    J.J.R. and Atkins appealed the judgment to the Tenth Circuit Court of Appeals.

After the December 2010 jury trial and the district court's entry of judgment, and during the pendency of J.J.R. and Atkins' appeal, HPP executed on its judgment.  The district court later described the execution as follows:

> HPP applied for and received a Writ of Execution to execute on the property of JJR in order to satisfy the outstanding portion of the judgment.  Although Defendants objected to the sale, and the case was on appeal to the Tenth Circuit, Defendants did not request a stay of execution on the judgment or post a supersedeas bond.  Thus, the Marshal's Sale was proper.
> HPP executed upon the Noll lease during the Marshal's Sale . . . .[7]

The Marshal's Sale was held on August 8, 2011.[8]    On November 3, 2011, the district court conducted a hearing on HPP and Cherokee Wells' Motion to Confirm Execution Sale.[9]    At this hearing, J.J.R. and Atkins appeared through counsel, and Atkins also appeared personally.[10]  The following day, on November 4, 2011, the district court entered an order confirming the execution sale.[11]

J.J.R. and Atkins' appeal to the Tenth Circuit raised several issues.  One of the issues they raised was the magistrate judge's denial of their request for leave to amend to assert counterclaims against HPP and Cherokee Wells.  The Tenth Circuit rejected this argument and

---

[6] Case No. 09-1077-EFM, Doc. 142.

[7] Case No. 09-1077-EFM, Doc. 234,  p. 13.

[8] Case No. 09-1077-EFM, Doc. 169, p. 2.

[9] Case No. 09-1077-EFM, Doc. 174.

[10] Case No. 09-1077-EFM, Doc. 175,  p. 1.

[11] *Id.*

held that the "district court properly denied leave to amend."[12]   Specifically, the Tenth Circuit held that the fraud claims relied upon purely conclusory allegations that did not meet the heightened pleading standard of "particularity" required by Fed. R. Civ. P. 9(b).[13]   Thus, the Tenth Circuit concluded that J.J.R. and Atkins' request for leave to amend to assert the fraud claims was futile because they were subject to dismissal under Fed. R. Civ. P. 12(b)(6).[14]   J.J.R. and Atkins also asserted that the district court erred by granting summary judgment in favor of HPP and Cherokee Wells on the quiet title claim.  The Tenth Circuit agreed and concluded that the district court should not have quieted title in HPP and Cherokee Wells' favor, thereby remanding the action to the district court on this issue.[15]

Upon remand to the district court, HPP and Cherokee Wells again sought summary judgment on the quiet title claim, which the district court denied.[16]  On April 18, 2013, J.J.R. and Atkins filed a "Second Motion for Leave to Amend under Fed. R. Civ. P. 15 and Fed. R. Civ. P. 18 and Demand for Jury Trial."[17]  J.J.R. and Atkins sought Leave to Amend their Answer to assert five counterclaims:  (1) fraud and concealment regarding compliance with the KCC rules required to protect the defendants' remaining interest in the lease; (2) fraud on the court through the Exhibit A contract with steam technology providers;  (3) fraud in the inducement through the operating agreement; (4) fraud on the court through the procurement of the order certifying the

---

[12] Case No. 09-1077-EFM, Doc. 176,  p. 11.

[13] *Id.*

[14] *Id.*

[15] Case No. 09-1077-EFM, Doc. 176.

[16] Case No. 09-1077-EFM, Doc. 198.

[17] Case No. 09-1077-EFM, Doc. 211.

U.S. Marshal sale; and (5) fraud in the delivery of and taking of defendant Paul Atkins ownership in Leavenworth County Register of Deeds Book 808 page 237.[18]

The district court denied J.J.R. and Atkins' motion to amend because they were "woefully out of time."[19]   In that order denying leave to amend, this Court explained that the case was before it on a remand from the Tenth Circuit on the quiet title issue, that the district court had recently advised J.J.R. and Atkins that they cannot bring new claims, and that the only claims pending before this Court were those that the Tenth Circuit had vacated, reversed, and remanded.[20]

On May 14, 2013, the district court presided over a bench trial on the quiet title claim, and on July 23, 2013, the district court awarded judgment in favor of HPP and Cherokee Wells and quieted title in their favor.[21]   In the Memorandum and Order awarding judgment in favor of HPP and Cherokee Wells, the district court acknowledged that Atkins had recently raised the issue that when HPP executed upon its judgment, HPP allegedly improperly sold Atkins' personal interest in the Noll Lease.[22]   The district court recognized that the sale was proper because J.J.R. and Atkins had not requested a stay of execution on the judgment or posted a supersedeas bond.[23]

---

[18] *Id.*  The proposed allegations in J.J.R. and Atkins' Second Motion for Leave to Amend are substantially similar to the allegations in Plaintiff's Petition (Atkins' current state court Petition).  *Cf. id. with* Case No. 14-4016-EFM, Doc. 1-1.  The only exception is that Atkins now includes an additional claim of an alleged conspiracy and includes nine additional parties who were not parties in the First Lawsuit. *See* Plaintiff's Petition, Case No. 14-4016-EFM, Doc. 1-1.

[19] Case No. 09-1077-EFM, Doc. 217.

[20] *Id.*

[21] Case No. 09-1077-EFM, Doc. 234.

[22] Case No. 09-1077-EFM, Doc. 234, pp. 12–13.

[23] *Id.* at p. 13.

The district court agreed with HPP that the plain language of the Marshal's Deed stated that the execution applied only to property of J.J.R., but found that the plain language of the deed did not appear to resolve the factual question whether the property was in fact J.J.R.'s interest or Atkins' interest.[24]  The district court also noted that the parties agreed that HPP had no right to execute on Atkins' personal property and HPP specifically stated that it did not intend the Marshal's Deed to convey any interest owned by Atkins personally.[25]  Thus, the district court framed the issue as a factual dispute as to whether the property on which HPP had executed was owned by J.J.R. or Atkins.[26]  The district court gave the parties 60 days to reach an agreement about the title issue, and if they could not come to an agreement, the district court stated that it would appoint a special master to render a title opinion.[27]

Atkins states in his Petition that he took "a timely appeal from the Kansas U.S. District Court case which is now before the Tenth Circuit Court of Appeals."[28]  J.J.R. and Atkins' Notice of Appeal stated that they sought review, among other things, of the district court's decision "not to [allow them to] amend their answer to include new counterclaims based on subsequent

---

[24] *Id.*  The parties disputed whether J.J.R. had an ownership interest in the Noll Lease.  In the First Lawsuit, HPP and Cherokee Wells asserted that Lloyd and Norma Noll entered into an oil and gas lease with Global Energy Solutions, Inc. on October 20, 1999, which covered approximately 240 acres in Jefferson and Leavenworth Counties, Kansas, as described in the lease.  This is the "Noll Lease" at issue in the First Lawsuit.  Case No. 09-1077-EFM, Doc. 232,  ¶ 1 & Ex. A.   HPP and Cherokee Wells next claimed that on January 23, 2001, Global Energy Solutions, Inc. assigned its interest in the Noll Lease to J.J.R., which was recorded on January 31, 2001.  *Id.* at ¶ 3 & Ex. B.   HPP and Cherokee Wells also claimed that in an instrument dated March 22, 2001, Lloyd and Norma Noll purported to grant a separate oil and gas lease to Atkins, but at the time of that conveyance, the Nolls had no interest in the Noll Lease to convey to Atkins other than their possibility of reverter in the lease they assigned previously to Global Energy Solutions, Inc. (and was later assigned to J.J.R.).  *Id.* at ¶¶ 4, 26 & Ex. C.   Conversely, Plaintiff claimed in the First Lawsuit that J.J.R. had never owned an interest in the Noll Lease.  Case No. 09-1077-EFM, Doc. 229, p.  2 & Ex. B.

[25] Case No. 09-1077-EFM, Doc. 234,  p. 14.

[26] *Id.*

[27] *Id.*

[28] Plaintiff's Petition, Doc. 1-1, p. 5, ¶ 26.  *See also* Case No. 09-1077-EFM, Doc. 237.

conduct and newly discovered fraud."[29]   Before taking that appeal, however, J.J.R. and Atkins filed a Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e).[30] The district court denied that motion and refused to alter or amend the judgment.[31]    It noted "one important caveat," however, about its previous statement that it had retained jurisdiction to determine whether HPP and Cherokee Wells improperly had executed on Atkins' personal ownership in a lease.[32]   The district court explained that J.J.R. and Atkins had stated in their Notice of Appeal to the Tenth Circuit that " '[t]he part of the order addressing defendant Atkins' personal ownership interest that was never before this court is not a remaining issue regarding the rights of the parties.' "[33]   Thus, the district court concluded that J.J.R. and Atkins had abandoned their claim about Atkins' personal ownership interest in the lease.[34]   Consequently, the district court vacated its earlier assertion that it would appoint a special master to render a title opinion if the parties did not reach an agreement within 60 days on the title issue.[35]

The Tenth Circuit Court of Appeals recently decided J.J.R. and Atkins' second appeal.[36] With regard to the issue of the alleged impropriety of the district court not allowing them to amend their answer to include counterclaims of fraud, J.J.R. and Atkins apparently failed to brief this contention or raise any issues with regard to the fraud claims to the Tenth Circuit.  Thus, the

---

[29] Case No. 09-1077-EFM, Doc. 237,  p. 2, ¶ 8.

[30] Case No. 09-1077-EFM, Doc. 235.

[31] Case No. 09-1077-EFM, Doc. 251.

[32] *Id.* at p. 2,  n. 5.

[33] *Id.* (quoting Doc. 237, p. 1).

[34] *Id.*

[35] *Id.*

[36] *Heavy Petroleum Partners, LLC v. Atkins*, 2014 WL 4290578 (10th Cir. Sept. 2, 2014).

Tenth Circuit did not address the issue.  J.J.R. and Atkins, however, apparently briefed the Noll lease issue to the Tenth Circuit and claimed that the district court erred when it found in its Order denying J.J.R. and Atkins' Motion to Alter or Amend Judgment that they had abandoned the Noll lease issue.  In its Order, the Tenth Circuit pointed out that J.J.R. and Atkins "never filed a new notice of appeal or an amended notice of appeal relating to the denial of their Rule 59(e) motion," thus, the court lacked jurisdiction to consider any challenges to that ruling.[37]  The Tenth Circuit also stated that it "lack[ed] jurisdiction over Defendants' arguments relating to the Noll lease issue because this was not identified as an issue subject to appeal in Defendants' notice of appeal.  Indeed, far from identifying this as an issue for appeal, Defendants affirmatively disavowed it, explicitly stating in their notice of appeal that this issue was 'not a remaining issue regarding the rights of the parties.' "[38]  Accordingly, the Tenth Circuit only addressed the quiet title issue and ultimately affirmed the district court's memorandum and order quieting title in HPP and Cherokee Wells' favor.[39]

It is in this mass of facts and proceedings that Atkins filed his state lawsuit.  And Atkins' filing, in turn, prompted the Removing Defendants' removal which, in turn, prompted Plaintiff's Motion to Remand.  There are two motions currently pending before the Court.

Atkins timely filed a Motion to Remand the lawsuit to state court (Doc. 12).  In this motion, Atkins asserts that he properly joined the three Kansas defendants in this action, and because these three Defendants are Kansas residents, complete diversity does not exist.[40]

---

[37] *Id.* at *4.

[38] *Id.* at *4-5 (citations omitted).

[39] *Id.* at *5.

[40] In the Notice of Removal, the Removing Defendants additionally argue that Atkins fraudulently joined Defendant Jens Hansen by alleging incorrectly in the Petition that Hansen is a Kansas citizen.  The Removing Defendants assert that Hansen is a citizen of Texas (Doc. 1, pp. 23–24), and they submitted an affidavit signed by

Accordingly, Atkins argues that the Court lacks subject matter jurisdiction and should remand this action to state court.  The Removing Defendants filed a response to Atkins' motion.[41]  Atkins filed no reply, and the time for doing so has expired.[42]  The Court will address this motion in Part II.

Atkins also filed a Motion to Stay Deadlines, in which he requests that the Court stay further proceedings, including briefing on Defendants' Motion to Dismiss, until the Court rules upon Plaintiff's Motion to Remand and determines whether or not the Court has jurisdiction over the case.[43]  The Court will address Plaintiff's Motion to Stay Deadlines in Part III of this Order.

## II.    Atkins' Motion to Remand

The Removing Defendants timely removed the action to this Court based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.  Defendants Jag Petroleum, LLC and David E. Orr consented to the removal.[44]  Defendants Arden Ellis, Prometheus Petroleum, LLC, and Maclaskey Oilfield Services, Inc. had not been served with this lawsuit when the Removing Defendants filed the Notice of Removal on February 12, 2014.  Therefore, pursuant to 28 U.S.C. § 1446(b)(2)(A), these three Defendants did not need to consent to the removal.[45]

---

Hansen stating that he is a Texas citizen and has never been a Kansas citizen (Doc. 1-2).  Atkins does not challenge Hansen's Texas citizenship in his Motion to Remand.  Consistent with this record, the Court finds that Hansen is a Texan citizen for diversity of citizenship purposes.

[41] Doc. 19.

[42] *See* D. Kan. Rule 6.1(d)(2).

[43] The Removing Defendants filed a Motion to Dismiss (Doc. 8). This motion has not yet been fully briefed due to Atkins' filing of a Motion to Stay Deadlines (Doc. 13).  Defendants also filed a Motion to Transfer Case (Doc. 14) to the undersigned asserting that the claims in the instant case related to the issues and claims in a previous case before the undersigned, Case No. 09-1077-EFM.  The Court recently granted Defendants' motion (Doc. 22).

[44] Docs. 1-16, 1-17.

[45] *See* 28 U.S.C. § 1446(b)(2)(A); *Sheldon v. Khanal*, 502 F. App'x 765, 770 (10th Cir. 2012) ("[T]he clear statutory language [of 28 U.S.C. §1446(b)(2)(A)] requir[es] only *served* defendants to consent to removal.").

The Removing Defendants acknowledge that Defendants John Wesley Broomes, Hinkle Law Firm, LLC, and Maclaskey Oilfield Services, Inc. are Kansas residents, and therefore the parties are not completely diverse, as the governing statute requires for this Court to exercise subject matter jurisdiction. The Removing Defendants argue, however, that Atkins fraudulently joined these three Defendants for the purpose of defeating diversity jurisdiction, and consequently, the Court must disregard them when determining whether subject matter jurisdiction exists.[46] Atkins then timely filed a Motion to Remand to state court asserting that he did not fraudulently join these three Defendants.

### A. Legal Standard

" 'Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction.' "[47] Under the federal removal statute, 28 U.S.C. § 1441, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[48] Here, defendants have removed this lawsuit from state court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.

Because federal courts are courts of limited jurisdiction, there is "a presumption against removal jurisdiction."[49] As the party seeking to invoke diversity jurisdiction, the Removing Defendants bear the burden to establish the existence of diversity at the time of removal.[50] To

---

[46] *See generally Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (stating that the right of removal cannot be defeated by "fraudulent joinder of a resident defendant having no real connection with the controversy.").

[47] *Dutcher*, 733 F.3d at 984 (quoting *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir. 2012)).

[48] *Id.* (quoting 28 U.S.C. § 1441).

[49] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[50] *Id.*

invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000."[51]   In this case, the parties do not dispute that the amount in controversy exceeds the jurisdictional threshold.  The dispute here centers on whether complete diversity of citizenship exists.  The court lacks diversity jurisdiction when any of the plaintiffs has the same residency as even a single defendant.[52]  In this case, Atkins and three of the Defendants are residents of Kansas, and therefore, complete diversity of citizenship does not exist.

The Removing Defendants assert, however, that Atkins has fraudulently joined the three Kansas Defendants, and therefore, the Court should ignore these three Defendants when it evaluates diversity of citizenship.  To establish fraudulent joinder, the Removing Defendants must show either " '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.' "[53]   The Removing Defendants bear a " 'heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff.' "[54]  When evaluating the proprietary of removal in the face of a fraudulent joinder allegation, the Tenth Circuit has directed courts to "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."[55]

---

[51] *Dutcher*, 733 F.3d at 987 (quotation omitted); *see also* 28 U.S.C. § 1332(a).

[52] *Id.*

[53] *Id.* at 988 (quoting *Cuevas v. BAC Home Loans Serv., LP*, 648 F.3d 242, 249 (5th Cir. 2011)).

[54] *Id.* (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

[55] *Dodd*, 329 F.2d at 85 (citations omitted).

The Removing Defendants do not allege that Atkins has recited the jurisdictional facts fraudulently.[56]  Instead, the Removing Defendants assert that Atkins has fraudulently joined the three Kansas Defendants because there is no possibility that Atkins can establish a cause of action against these three Defendants in state court.   Therefore, the Court must determine whether there is a "reasonable basis" to believe Atkins may succeed in at least one claim against one of the three Kansas Defendants.[57]    If there is, fraudulent joinder does not exist.[58]    "A 'reasonable basis' means just that:  the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law."[59]

**B.  Analysis**

The Removing Defendants assert that Atkins fraudulently joined Defendants John Wesley Broomes ("Broomes"), Hinkle Law Firm, LLC ("Hinkle"), and Maclaskey Oilfield Services, Inc. ("Maclaskey").  The Court first evaluates whether Atkins might establish a cause of action in state court against Broomes and Hinkle.  The Court next addresses whether Atkins might establish a cause of action in state court against Maclaskey.

**1.  Atkins' Fraud on the Court Claims Against Defendants Broomes and Hinkle**

In his Petition, Atkins asserts two claims against Broomes and Hinkle for fraud on the court allegedly occurring during the First Lawsuit.  Broomes (and the law firm that he worked for, Hinkle) represented HPP and Cherokee Wells as their counsel of record in the First Lawsuit. In Count II, Atkins asserts that Broomes and Hinkle committed fraud on the court by filing a

---

[56] The one exception may be the facts as to Jens Hansen.  As noted above, Atkins alleged that Mr. Hansen was a resident of Kansas.  Instead, as the record demonstrates, Mr. Hansen is a Texas resident. *See supra* note 40.

[57] *Nerad v. AstraZeneca Pharm., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393 (5th Cir. 2000)).

[58] *See Dutcher*, 733 F.3d at 989.

[59] *Nerad*, 203 F. App'x at 913.

contract involving steam technology providers which, Atkins contends, HPP and Cherokee Wells contrived to deceive Atkins and J.J.R. into thinking that oil production on the Zachariah Lease would be increased by using steam technology. Count IV asserts that Broomes and Hinkle committed fraud on the court by procuring an order certifying the Marshal's sale on an oil and gas lease, *i.e.* the Noll Lease, which Atkins claims he owns.

The Removing Defendants assert in their Notice of Removal (Doc. 1) that Atkins cannot establish a claim for fraud on the court against Broomes and Hinkle for five, separate reasons: (1) issue preclusion bars Atkins' claims against Broomes and Hinkle; (2) Broomes and Hinkle are not the proper defendants in an action for fraud on the court because they were not parties to the underlying judgment which Atkins seeks to set aside; (3) Atkins is not the real party in interest in his claims against Broomes and Hinkle; (4) Atkins fails to state a claim for relief against Broomes and Hinkle; and (5) the statute of limitations and/or laches bars Atkins' claims against Broomes and Hinkles. Atkins asserts in his Motion to Remand (Doc. 12) that he sufficiently alleges an independent action for fraud on the court against Broomes and Hinkle.

The Court will first address Atkins' argument that he is bringing an independent action against Broomes and Hinkle. Next, the Court will address several of the Removing Defendants' arguments that the claims against Broomes and Hinkle are not actionable in state court.

### a. Atkins Has Not Alleged An Independent Action Against Broomes and Hinkle.

Federal Rule of Civil Procedure 60 and K.S.A. § 60-260 govern relief from final judgments. Both Fed. R. Civ. P. 60(d) and K.S.A. § 60-260 "[do] not limit a court's power to entertain an independent action to relieve a party from a judgment, order, or proceeding" or "set aside a judgment for fraud on the court."[60] Because the Kansas Rules of Civil Procedure are

---

[60] Fed. R. Civ. P. 60(d)(1) & (d)(3); K.S.A. § 60-260(d)(1) & (d)(3).

patterned after the Federal Rules of Civil Procedure, Kansas courts look to federal case law for persuasive guidance.[61]   Thus, the Court here looks to federal law to determine whether Atkins may establish in state court an independent action for fraud on the court against Hinkle and Broomes.[62]

The United States Supreme Court has explained that "an independent action should be available only to prevent a grave miscarriage of justice."[63]   Independent actions are "reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata;" otherwise, the strict requirements of Rule 60 "would be set at naught."[64]   Thus, the Tenth Circuit has explained, an independent action provides only a "narrow avenue" for relief.[65]

The Tenth Circuit has set forth several requirements that a party seeking relief under this rule must satisfy to bring an independent action:

> Generally, such an independent action must show a recognized ground, such as fraud, accident, mistake or the like, for equitable relief and that there is no other available or adequate remedy.  It must also appear that the situation in which the party seeking relief finds himself is not due to his own fault, neglect or carelessness.  In this type of action, it is fundamental that equity will not grant relief if the complaining party has, or by exercising proper diligence would have

---

[61] *Back-Wenzel v. Williams*, 279 Kan. 346, 349, 109 P.3d 1194, 1196 (Kan. 2005); *see also Lackey v. Medora Twp.*, 194 Kan. 794, 796, 401 P.2d 911, 914 (Kan. 1965) ("Since the foregoing provision was lifted from rule 60 of the Federal Rules of Civil Procedure we may look to federal cases for its construction and application.").

[62] *See Boldridge v. Nat'l City Bank*, 313 P.3d 837, 2013 WL 6389341, at *3 (Kan. Ct. App. Dec. 6, 2013) (unpublished table opinion) (relying on federal law as guidance in determining whether the plaintiff had established a fraud on the court claim sufficient to set aside a judgment under K.S.A. § 60-260(b)(3)); *J-F Oil, LLC v. Lansing Energy Corp.*, 108 P.3d 1018, 2005 WL 742073, at *5 (Kan. Ct. App. Apr. 1, 2005) (unpublished table opinion) (looking to federal case law for guidance when assessing whether the plaintiff was entitled to relief from a judgment based on fraud on the court under K.S.A. § 60-260).

[63] *United States v. Beggerly*, 524 U.S. 38, 47 (1998).

[64] *Id.* at 46 (quoting *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 244 (1944)).

[65] *United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002).

had, an adequate remedy at law, or by proceedings in the original action to open, vacate, modify or otherwise obtain relief against, the judgment.[66]

An independent action is an "unusual type of proceeding," and the granting of relief in such an action "lies largely within the discretion of the trial judge."[67]

Even when taking as true Atkins' allegations of fraud on the court, Atkins does not allege "the level of intentional fraud or gross injustice required" to bring an independent action against Broomes and Hinkle.[68]  In *Haik v. Salt Lake City*, the Tenth Circuit recently rejected an attempt to set aside a judgment based upon fraud on the court pursuant to Fed. R. Civ. P. 60(d)(1) and (d)(3).[69]  In that case, the plaintiffs had litigated an earlier lawsuit against two municipalities seeking to extend water service to their property.[70]  Plaintiffs lost that first suit, and then brought a second lawsuit alleging that the municipalities' continuing denial of water was unlawful because of several new or newly discovered facts.[71]  Among several other arguments, the plaintiffs asserted that defendants had committed fraud on the court in the first lawsuit by concealing applications requesting changes in water use and by answering dishonestly the district court's questions about water availability and plans for future water use.[72]  The Tenth Circuit

---

[66] *Winfield Assoc., Inc. v. Stonecipher*, 429 F.2d 1087, 1090 (10th Cir. 1970) (citations omitted); *see also* 11 Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 2868 (3d ed. 2012) ("The indispensable elements of such a cause of action are (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.")

[67] *Winfield Assoc., Inc.*, 429 F.3d at 1090 (citations omitted).

[68] *See Haik v. Salt Lake City Corp.*, ___ F. App'x ___, 2014 WL 2523735, at *12 (10th Cir. June 5, 2014).

[69] *Id.* at *13.

[70] *Id.* at *1.

[71] *Id.*

[72] *Id.* at *13.

found that failing to disclose these facts did not rise to the level of a fraud on the court.[73]   And, "[m]ore importantly," the Tenth Circuit concluded that "the disclosure of the change applications would not have influenced the result" in the earlier lawsuit.[74]

The same is true here.  Atkins alleges in Count II that Defendants Broomes and Hinkle committed fraud on the court by filing a contrived steam technology contract.  The filing of this steam technology contract never influenced the outcome of the First Lawsuit.  The district court found after a full trial that HPP had complied with its obligations under the contracts between the parties and that HPP was entitled to its interests in the leases at issue.[75]  In reaching this decision, the district court did not rely on the contract with steam technology providers.  In fact, the district court's Memorandum and Order awarding judgment for HPP and Cherokee Wells never mentions this steam technology contract.[76]  Therefore, the filing of the contract, even if it was a fraudulent contract, did not affect the district court's judgment in the First Lawsuit.

Likewise, Atkins' allegations against Broomes and Hinkle in Count IV do not rise to "the level of intentional fraud or gross injustice required to set aside a previous judgment."[77]   Atkins claims that Broomes and Hinkle committed fraud on the court by procuring an order certifying the Marshal's sale of an interest in the Noll Lease that Atkins claims he owns.  Addressing this allegation in the First Lawsuit, the district court cited the language from the Marshal's Deed describing the property conveyed in the sale as:

---

[73] *Id.* (citing *Buck*, 281 F.3d at 1342).

[74] *Id.*

[75] Case No. 09-1077-EFM, Doc. 234,  p. 13.

[76] *See id.*

[77] *See Haik*, 2014 WL 2523735, at *12.

> All right, title, and interest *of J.J.R. of Kansas Limited*, believed to be a 0.06500000 overriding royalty interest, in a certain oil and gas leasehold arising from an oil and gas lease from Lloyd E. Noll and Norma E. Noll, as lessors, to Global Energy Solutions, Inc., as lessee, dated October 20, 1999, and recorded at Book 781, Page 576, of the official records of the Register of Deeds of Leavenworth County, Kansas, and Book 512, Page 43 of the official records of the Register of Deeds of Jefferson County, Kansas, covering the west half of the southwest quarter of Section 3, Township 9 South, Range 20 East, Leavenworth County, Kansas, and the northeast quarter of Section 9, Township 9 South, Range 20 East, Jefferson County, Kansas.[78]

The district court agreed with HPP that the plain language of the deed showed that HPP executed on *J.J.R's property*, not Atkins' personal property.[79]  In addition, HPP agreed that it had no right to execute against Atkins' personal property, and HPP specifically stated that it did not intend for the Marshal's Deed to convey any interest owned by Atkins personally.[80]  Instead, the district court acknowledged that there was a factual dispute whether the property conveyed in the Marshal's sale was owned by J.J.R. or Atkins.[81]

These facts do not demonstrate that Broomes and Hinkle engaged in intentional fraud by procuring an order certifying the Marshal's sale sufficient to support an independent action under Fed. R. Civ. P. 60(d).  Rather, their client HPP (through Broomes and Hinkle) explicitly conceded it had no right to execute on Atkins' personal property and that it did not intend the Marshal's Deed to convey any interest owned by Atkins personally.  And Atkins' claims against Broomes and Hinkle allege no other facts rising to the level of intentional fraud or gross injustice, as is required to bring an independent action.

---

[78] Case No. 09-1077-EFM, Doc. 234,  p. 13 (emphasis added).

[79] *Id.*

[80] *Id.*

[81] *Id.*

Also, with respect to Count IV, Atkins cannot show that "the situation in which [he] finds himself is not due to his own fault, neglect or carelessness."[82]   Atkins asserts in Count IV that Broomes and Hinkle committed fraud on the court by procuring an order certifying the Marshal's sale on an interest in the Noll Lease, which Atkins claims to own.  Atkins raised this argument in the First Lawsuit, and the district court acknowledged the factual dispute whether the property conveyed in the Marshal's sale was owned by J.J.R. or Atkins.  In its Memorandum and Order awarding judgment in favor of HPP and Cherokee Wells, the district court gave the parties 60 days to reach an agreement about the title issue, and if they could not come to an agreement, the district court stated it would appoint a special master to render a title opinion.  But J.J.R. and Atkins abandoned this very issue.  When they filed their Notice of Appeal to the Tenth Circuit, they stated that Atkins' personal ownership interest was not a remaining issue in the case.[83] Relying on this *explicit* statement, the district court vacated its earlier assertion that it would appoint a special master to render a title opinion if the parties were unable to reach an agreement within 60 days.[84]   Consequently, any hardship Atkins sustained because of the purportedly unresolved title issue in the Noll Lease was caused by Atkins' decision not to pursue the title issue in the district court or his failure to properly raise that issue in his appeal to the Tenth Circuit.[85]

In sum, the Court concludes that Atkins fails to show that an independent action is necessary here to prevent a grave miscarriage of justice.  To the contrary, the allegations in

---

[82] *Winfield Assoc., Inc.*, 429 F.3d at 1090 (citations omitted).

[83] Case No. 09-1077-EFM, Doc. 237.

[84] Case No. 09-1077-EFM, Doc. 251, p. 2, n. 5.

[85] In its recent opinion, the Tenth Circuit also determined that J.J.R. and Atkins "affirmatively disavowed" the Noll lease issue in its Notice of Appeal.  *Heavy Petroleum, LLC,* 2014 WL 4290578, at *2.

Counts II and IV simply do not met "the high standard for relief" imposed by Fed. R. Civ. P. 60(d)(1) and 60(d)(3).[86]   Therefore, the Court rejects Atkins' assertion that he is bringing an independent action against Broomes and Hinkle in this case.

Because Atkins cannot maintain an independent action against Broomes and Hinkle for fraud on the court, Atkins cannot establish a cause of action against these Defendants in state court based on the allegations in Counts II and IV.   Thus, Atkins fraudulently joined Broomes and Hinkle, and the Court concludes it should ignore these two Defendants when evaluating diversity jurisdiction.   The Removing Defendants, however, assert five additional reasons that Atkins cannot establish a claim against Broomes and Hinkle.   The Court finds that three of these reasons provide additional, independent bases for why Atkins cannot establish a claim against Broomes and Hinkle in state court.   Below, parts b.1, b.2, and b.3 discuss those reasons.

### b.   Three Additional Reasons Why Atkins Cannot Establish a Claim Against Broomes and Hinkle

#### 1.   Atkins Fails to State a Claim Against Broomes and Hinkle for Fraud on the Court.

The Removing Defendants also argue that Atkins' fraud on the court claims against Broomes and Hinkle are not actionable in state court because he fails to state a claim for relief against these two Defendants under Kansas law.   The Kansas Court of Appeals has defined fraud on the court as " 'fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury.' "[87]

---

[86] *See Haik*, 2014 WL 2523735, at *4.

[87] *J-F Oil,* 2005 WL 742073, at *5 (quoting *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir. 1996)); *see also Boldridge*, 313 P.3d 837, 2013 WL 6389341, at *3 ("Fraud between the parties, perjury, and the nondisclosure of pretrial discovery does not generally amount to fraud on the court.") (citing *Weese v. Schukman*, 98 F.3d 542, 552–53 (10th Cir. 1996); *Robinson*, 56 F.3d at 1266–67; *United States v. Chon*, 512 F. App'x 855, 858 (10th Cir. 2013); Fraud on the Court, 47 Am. Jur. 2d, *Judgments* § 695).

"Only particularly egregious conduct—such as the fabrication of evidence or the bribery of the judge or the jury—has been found to support a finding of fraud on the court.  In other words, to prevail on a claim of fraud on the court, one must normally show a deliberate scheme to corrupt or subvert the basic function of the judiciary, which is the impartial adjudication of cases."[88]   When analyzing fraud on the court claims, Kansas courts look to federal courts for guidance.[89]   Fraud on the court "requires a showing that one has acted with an intent to deceive or defraud the court."[90]   In other words, there must "be a showing of conscious wrongdoing—what can properly be characterized as a deliberate scheme to defraud—before relief from a final judgment is appropriate" for a fraud on the court.[91]

Also, K.S.A. § 60-209(b) requires that a party alleging fraud "must state with particularly the circumstances constituting the fraud . . . .  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  The failure to allege fraud with particularity compels dismissal of the claim.[92]  Indeed, Atkins is aware of this heightened pleading standard under the analogous federal rule, Fed. R. Civ. P. 9(b).  The Tenth Circuit affirmed the order denying J.J.R. and Atkins' request for leave to amend to assert fraud claims in the First Lawsuit because they were not pleaded with particularly and thus the fraud claims were subject to dismissal under Fed. R. Civ. P. 12(b)(6).[93]

---

[88] *Boldridge*, 2013 WL 6389341, at *3.

[89] *Id.* (citing *Cool v. Cool,* 203 Kan. 749, 755-56, 457 P.2d 60, 66 (Kan. 1969); *J–F Oil,* 2005 WL 742073, at *4).

[90] *Robinson*, 56 F.3d at 1267.

[91] *Id.*

[92] *See Palmer v. Brown*, 242 Kan. 893, 901, 752 P.2d 685, 690 (Kan. 1988); *Newcastle Homes, LLC v. Thye*, 44 Kan. App. 2d 774, 789, 241 P.3d 988, 999 (Kan. Ct. App. 2010).

[93] Case No. 09-1077-EFM, Doc. 176,  p. 13.

Here, Atkins fails to allege that Broomes and Hinkle intended to commit fraud on the court by filing the steam technology contract (as alleged in Count II) and procuring the order confirming the Marshal's sale (as alleged in Count IV).  With regard to Count II, Atkins alleges that Broomes and Hinkle, as agents for HPP and Cherokee Wells, "filed" the steam technology contract with the court and "used [it] as an evidentiary exhibit."[94]  Atkins makes no allegations that Broomes and Hinkle knew that the exhibit was fraudulent or that they intended to deceive the court by submitting the contract as an evidentiary exhibit.  Indeed, Atkins alleges that these documents and misrepresentations were used to deceive Atkins.[95]  As noted above, fraud on the court requires intent to deceive the court and is not fraud between the parties or fraudulent documents.  Atkins includes no such allegations in his fraud on the court claim in Count II.

Similarly, in Count IV, Atkins fails to allege that Broomes and Hinkle knew that the Marshal's sale was fraudulent or that they intended to deceive the district court by filing a motion to confirm that sale.  Instead, Atkins alleges that Broomes, as an agent of HPP and Cherokee Wells, filed documents that were allegedly false.  Atkins makes no specific allegations and fails to allege with particularity any intent to deceive the court.

After reviewing Atkins' Petition and taking its allegations as true, the Court finds no factual allegations showing any "conscious wrongdoing" or a "deliberate scheme to defraud" the district court in the First Lawsuit on the part of Broomes or Hinkle.  Because Atkins does not plead sufficient facts that Broomes and Hinkle knew that they were submitting fraudulent information to the district court or that they had acted with intent to defraud the court, Atkins cannot state a claim for relief against these two Defendants in Counts II and IV.  Thus, Atkins fails to state a claim against Broomes and Hinkle in state court in this lawsuit.

---

[94] Plaintiff's Petition, Doc. 1-1, pp. 18-19, ¶¶ 94–95.

[95] *See id.* at  pp. 9, 11, 18-19, ¶¶ 47, 49, 58, 94-95.

## 2. Broomes and Hinkle Are Not Proper Defendants in the Fraud on the Court Claims.

The Removing Defendants argue that Broomes and Hinkle are not proper defendants in Counts II and IV (which both allege fraud on the court claims) because the only remedy for a fraud on the court claim is relief from the prior judgment obtained by fraud. Because Broomes and Hinkle were not parties in the First Lawsuit and thus did not obtain any judgment in their favor, the remedy (relief from the final judgment) could not be applied to Broomes and Hinkle. Plaintiff calls this argument "baseless" but does not otherwise substantively respond to this point in his Motion for Remand.[96] This argument is not baseless; instead, it is soundly rooted in Kansas and federal law.

While the Court has located no Kansas case explicitly holding that the only proper defendant in a fraud on the court claim is the party who obtained a favorable judgment in a prior lawsuit, Kansas courts have applied K.S.A. § 60-260 to determine whether a judgment should be set aside based on fraud on the court. Kansas courts have also recognized that the remedy for a fraud on the court claim is relief from the prior judgment obtained by fraud.[97] Similarly, federal courts recognize that the proper remedy for fraud on the court is relief from the prior judgment.[98] In addition, some federal courts have held specifically that relief from the prior judgment is the *only* remedy for fraud on the court and that a fraud on the court claim does not permit the

---

[96] Doc. 12, pp. 7–8.

[97] *See, e.g., Boldridge,* 313 P.3d 837, 2013 WL 6389341, at *3 (stating that a district court may set aside or reopen a judgment upon a finding of fraud on the court); *J-F Oil,* 108 P.3d 1018, 2005 WL 742073, at *4 (recognizing that under K.S.A. § 60-260, a court may set aside a judgment obtained by fraud on the court).

[98] *See, e.g., Haik,* 2014 WL 2523735, at *13 (stating that "a judgment can be set aside for fraud on the court only in cases of the most egregious misconduct"); *see also Robinson v. Audi Aktiengesellschaft,* 56 F.3d 1259, 1267 (10th Cir. 1995) (stating that a plaintiff is entitled to relief from a final judgment if the plaintiff establishes a fraud on the court); *Superior Seafoods, Inc. v. Tyson Foods, Inc.,* 620 F.3d 873, 878 (8th Cir. 2010) ("The extraordinary relief afforded pursuant to Rule 60(d) is more difficult to obtain than relief that might be available through a timely Rule 60(b) motion, but it remains the same type of relief—relief from an otherwise final judgment.").

recovery of money damages.[99]   Because the Kansas courts look to federal law as persuasive authority when applying K.S.A. § 60-260,[100] this Court concludes that a Kansas state court would reject Atkins' fraud on the court claims against Broomes and Hinkle.

In this case, Atkins does not specifically request relief from the prior judgment.  Instead, Atkins seeks injunctive relief and damages.[101]   This request is not an appropriate one for his fraud on the court claims.  Even if Atkins had requested the appropriate relief, he could not obtain this relief from these two Defendants.   Broomes and Hinkle were not parties to the First Lawsuit, and thus, they did not obtain any judgment in their favor.  Therefore, Atkins can obtain no relief against Broomes and Hinkle for a fraud on the court claim, and that makes them improper parties to the fraud on the court claims asserted in this lawsuit.

### 3.   Atkins  is Not the Real Party in Interest for Count II

The Removing Defendants also assert that Atkins cannot establish the fraud on the court claim in Count II against Broomes and Hinkle because Atkins is not the real party in interest. Both Fed. R. Civ. P. 17(a) and K.S.A. § 60-217(a) require that "[a]n action must be prosecuted in the name of the real party in interest."  A federal court sitting in diversity must look to state law

---

[99] *See Ortega v. Young Again Prods., Inc.*, 2012 WL 3046116, at *4 n.1 (S.D. Tex. July 25, 2012) (an action for fraud on the court is an action recognized under Fed. R. Civ. P. 60 to set aside a judgment obtained by fraud on the court; no cause of action exists for fraud on a court against an individual for the recovery of damages); *Chewning v. Ford Motor Co.*, 35 F. Supp. 2d 487, 489 (D.S.C. 1998) (recognizing that there are procedural and common law doctrines allowing a court to set aside a judgment but there is "no authority allowing an independent action[] for damages."); *Florida Evergreen Foliage v. E.I. Du Pont De Nemours, Co.*, 135 F. Supp. 2d 1271, 1288 (S.D. Fla. 2001) (refusing to recognize a separate action for damages based on fraud on the court); *see also Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am.*, 675 F.2d 1349, 1357–58 (4th Cir. 1982) (an action for fraud on the court is an action in equity).

[100] *Back-Wenzel*, 279 Kan. at 349, 109 P.3d at 1196.

[101] *See* Plaintiff's Petition, Doc. 1-1, p. 33.   At the same time, Atkins argues that he is bringing an independent action and cites to Fed. R. Civ. P. 60(d) and K.S.A. § 60-260(b) which discuss independent actions to relieve parties from judgments.  The Court notes that Atkins' arguments and theories are difficult to follow.

to determine whether a plaintiff is the real party in interest.[102]   Under Kansas law, the real party in interest is the one who, by virtue of the substantive law, holds the right sought to be enforced.[103]

Here, J.R.R. holds the right that Count II seeks to enforce, not Atkins.  Atkins alleges in Count II that Broomes and Hinkle committed fraud on the court in the First Lawsuit by filing a contract with steam technology providers which caused the following injury:  "PAUL ATKINS and JJR of Kansas Limited lost the use and enjoyment of the *Zachariah Lease* along with the oil production royalty revenue from their ownership interest and operation of the lease . . . ."[104]  But it is undisputed that the Zachariah Lease was owned by J.J.R., not Atkins.[105]   Thus, Atkins is not the real party in interest for the claim asserted in Count II that alleges injury only to the interest owner of the Zachariah Lease.[106]

In his Motion to Remand, Atkins argues that he is the real party in interest because he is suing Broomes and Hinkle for taking his interest in the Noll Lease.[107]   That may be the case for some of the other claims asserted in the lawsuit, but in Count II, Atkins alleges injury in the form of lost use and enjoyment and lost oil production royalty revenue from the Zachariah Lease.[108]

---

[102] *K-B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1153 (10th Cir. 1985) (citations omitted).

[103] *Ryder v. Farmland Mut. Ins. Co.*, 248 Kan. 352, 366, 807 P.2d 109, 118 (Kan. 1991) (citing 3A James Wm. Moore *et al.*, *Moore's Federal Practice* § 17.02 (2d ed. 1970)).

[104] Plaintiff's Petition, Doc. 1-1, p. 21, ¶ 105 (emphasis added).

[105] *Id.* at  p. 6, ¶¶ 31-32.

[106] *See Ryder*, 248 Kan. at 366, 807 P.2d at 119 (holding that the plaintiff was not the real party in interest when he had no legal interest in the outcome of a dispute over a fee arrangement between two law firms); *see also Star Mfg. Co., Inc. v. Mancuso*, 680 F. Supp. 1496, 1499 (D. Kan. 1988) (holding that plaintiff was not the real party in interest in a tort action because it did not own the substantive right to the claim).

[107] Doc. 12, p. 13.

[108] Plaintiff's Petition, Doc. 1-1, p. 21, ¶ 105.

J.J.R. owns that lease interest, not Atkins.[109]  Thus, Atkins is not the real party in interest in Count II, and he cannot establish a claim under Count II against Broomes and Hinkle in state court.[110]

### c.  Conclusion

The Removing Defendants have met their burden of showing fraudulent joinder.  As explained above, the Court finds that there is no possibility that Atkins can establish a claim for relief against Broomes and Hinkle in state court because: (1) Atkins cannot maintain an independent action for fraud on the court against these two Defendants; (2) Atkins fails to state a claim upon which relief can be granted against these two Defendants; (3) these two Defendants are not the proper defendants to a fraud on the court claim when they were not parties in the First Lawsuit; and (4) Atkins is not the real party in interest in Count II.  Thus, Atkins fraudulently joined Broomes and Hinkle, and the Court will ignore these two Defendants when evaluating jurisdiction based on diversity of citizenship.

### 2.  Conspiracy Claim Against Defendant Maclaskey

The Removing Defendants next assert that Atkins fraudulently joined Maclaskey (a Kansas resident) in the state court lawsuit in an effort to destroy diversity jurisdiction.  Atkins alleges only one claim against Maclaskey in his Petition, a conspiracy claim in Count VI.  The conspiracy claim alleges that nine of the eleven Defendants conspired to "defraud oil lease operators and owners,"[111] that Defendants conspired "to keep [his] proceeds from the oil sold off

---

[109] *Id.* at p. 6, ¶¶ 31-32.

[110] This analysis does not apply to Count IV as Atkins is the real party in interest with regard to Count IV because Atkins claims that his personal interest in the Noll lease was affected by the marshal's sale.

[111] Plaintiff's Petition, Doc. 1-1, p. 30, ¶ 154.

the Noll lease even though . . . the lease was obtained through fraud,"[112] and that he was damaged by the "taking of [his] oil."[113]  Because the Court must view the allegations in the light most favorable to Atkins, the Court construes the conspiracy claim as one against Defendants for allegedly defrauding Atkins (as an oil lease operator and owner) from his interest in the Noll lease.  The only alleged underlying torts that could support his conspiracy claim are his fraud claims contained in Count IV and V.[114]  As noted above, Count IV fails because it is not an independent action.  Thus, the only remaining underlying tort that can be at issue is contained in Count V.

The Removing Defendants assert that Atkins fails to state a claim for conspiracy against Maclaskey.  The Court applies Kansas law.[115]  In Kansas, "the elements of a civil conspiracy include:  (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds in the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof."[116]  "Conspiracy is not actionable without commission of some wrong giving rise to a cause of action independent of the conspiracy."[117]

---

[112] *Id.* at  p. 31, ¶ 161.

[113] *Id.* at  p. 32, ¶ 168.

[114] The Court notes that although Atkins alleges in his conspiracy count that Defendants conspired to "seize the ownership interest in JRR's leases through fraud" (*Id.* at p. 30, ¶155), Atkins cannot bring a conspiracy claim based on these allegations to seize the ownership interest in J.J.R.'s leases.  J.J.R., not Atkins, is the real party in interest for such a claim.  The Court, therefore, construes Atkins' conspiracy claim to only address the Noll Lease and will only address the underlying allegations regarding the alleged taking of oil from the Noll Lease because Atkins claims a personal ownership interest in that lease.  Counts I, II, and III do not relate to the Noll lease.   Thus, Counts IV and V and the only potentially relevant underlying claims for Atkins' conspiracy claim.

[115] *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (explaining that a federal court sitting in diversity must apply the substantive law of the forum state); *Royal Maccabees Life Ins. Co. v. Choren*, 393 F.3d 1175, 1180 (10th Cir. 2005) ("A federal court sitting in diversity must apply state law as propounded by the forum's highest court.") (citation omitted).

[116] *Stoldt v. City of Toronto*, 234 Kan. 957, 967, 678 P.2d 153, 161 (Kan. 1984) (quotation omitted); *see also Diederich v. Yarnevich*, 40 Kan. App. 2d 801, 811, 196 P.3d 411, 419 (Kan. Ct. App. 2008).

[117] *Stoldt*, 234 Kan. at 967, 678 P.2d at 161.

The Removing Defendants assert that the conspiracy claim fails to set forth any valid, underlying cause of action against Maclaskey or the other Defendants.  As noted above, the only underlying tort that the Court considers is Count V.  In Count V, Atkins alleges that HPP, Cherokee Wells, and Defeo made fraudulent misrepresentations *to* Maclaskey regarding the Noll lease.[118]  Thus, if anything, Atkins alleges that Maclaskey was a victim of the alleged wrongdoing (the underlying tort) and not an active participant in it.  Atkins therefore fails to state a claim against Maclaskey.

In addition, the Removing Defendants contend that Atkins fails to state a claim for conspiracy against Maclaskey because Atkins does not allege any facts showing that Maclaskey participated in a meeting of the minds.  The Court agrees.  Under Kansas law, a plaintiff must show a meeting of the minds to prove a civil conspiracy.[119]  In his Petition, Atkins alleges that Robert DeFeo, David Orr, Arden Ellis, HPP, and Cherokee Wells came to a meeting of the minds to form and operate a conspiracy in June 2006.[120]  Atkins further alleges that Jens Hansen joined the meeting of the minds by June 26, 2006.[121]  Atkins' Petition does not contain any allegations that Maclaskey ever joined a meeting of the minds with any of the other Defendants or that Maclaskey even knew about the alleged conspiracy.  Indeed, Atkins asserts in Count VI that Maclaskey's wrongdoing was to purchase oil from an oil and gas lease based upon

---

[118] *See* Plaintiff's Petition, Count V, ¶¶ 140-41 (Heavy Petroleum, Cherokee Wells, and Robert Defeo made fraudulent misrepresentations to Maclaskey regarding the Noll lease).

[119] *Kincaid v. Dess*, 48 Kan. App. 2d 640, 656, 298 P.3d 358, 369 (Kan. Ct. App. 2013).

[120] Plaintiff's Petition, Doc. 1-1, p. 30, ¶ 153.

[121] *Id.* at  p. 30, ¶ 157.

misrepresentations.[122]   In addition, as noted above, Atkins alleges in Count V that Maclaskey was the *victim* of an alleged fraud (the underlying tort), rather than a participant in it or a participant in a conspiracy to commit the alleged fraud.   Thus, Atkins fails to plead sufficient facts showing that Maclaskey ever participated in a meeting of the minds which is necessary to state a claim for civil conspiracy.[123]

The Court concludes that Atkins fraudulently joined Maclaskey in this lawsuit because Atkins cannot establish a civil conspiracy claim in state court against Maclaskey.   Therefore, the Court ignores Maclaskey, a non-diverse defendant, when evaluating this Court's jurisdiction based on diversity of citizenship.

### 3.   These three Defendants are not necessary parties.

Finally, Atkins asserts that Hinkle, Broomes, and Maclaskey are necessary parties pursuant to Fed. R. Civ. P. 19(a).   Atkins contends that they, therefore, must be joined in this action.   Under Fed. R. Civ. P. 19(a), a party is a required party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
    (i) as a practical matter impair or impede the person's ability to protect the interest; or
    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[124]

---

[122] *See id.* at pp. 31-32, ¶¶ 159-68 (Maclaskey's wrongdoing was to purchase oil from the Noll lease based upon Defeo's alleged misrepresentations about the lease).

[123] To the extent that Plaintiff's Petition could be construed to possibly state a claim against Broomes and Hinkle for conspiracy, his claim would fail as well.   First, Broomes and Hinkle are not identified as members of the conspiracy in this count.   In addition, Atkins includes no allegations against these two Defendants as to a meeting of the minds.

[124] Fed. R. Civ. P. 19(a)(1).

If a party is "required," and joinder is feasible, the party must be joined.[125]   Here, neither Broomes, Hinkle, nor Maclaskey are required parties in this lawsuit.

First, their presence is not required to provide complete relief to the remaining parties in this action.  As noted above, even if Atkins could bring an independent action for fraud on the court, Atkins' only remedy for those equitable claims is an order setting aside the judgment in the First Lawsuit.  Broomes and Hinkle were not parties to that First Lawsuit, and thus, Atkins cannot obtain any relief from these two Defendants by the claims asserted against them in the Petition.[126]  As for Maclaskey, Atkins claims that his presence is necessary because Atkins seeks injunctive relief against Maclaskey to stop further conversion of Atkins' oil and to obtain the return of the oil taken off the lease by Maclaskey.[127]  But Atkins' Petition does not request any such relief.  Rather, the only request for injunctive relief against Maclaskey is for an accounting of all oil and cash receipts from the Noll Lease that were not authorized by Atkins.[128]   But Atkins cannot obtain such relief against Maclaskey in any event because he has failed to state a claim upon which relief can be granted against Maclaskey.

Second, Broomes, Hinkle, and Maclaskey do not have an interest in this action that requires their joinder.  Atkins' claims in this lawsuit are premised on alleged fraudulent activity that occurred during the First Lawsuit.  Because of the alleged fraud, Atkins seeks to essentially

---

[125] *See id.* at 19(a); *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996).

[126] As noted above, Atkins does not specifically request to have the judgment set aside.  He seeks injunctive relief and monetary damages.

[127] Doc. 12,  p. 13.

[128] Plaintiff's Petition, Doc. 1-1, p. 33, ¶ 174.

set aside the district court's rulings in the First Lawsuit that favored HPP and Cherokee Wells.[129] Broomes, Hinkle, and Maclaskey were not parties to that action. Thus, they did not obtain any judgment in their favor in that First Lawsuit. Therefore, these three parties' absence from this case will not impair any interest that they may have in this action.

Finally, the absence of Broomes, Hinkle, and Maclaskey will not leave any existing party subject to multiple or inconsistent obligations. Therefore, Fed. R. Civ. P. 19 does not apply here because Atkins fails to show that Broomes, Hinkle, or Maclaskey are required parties.[130] Accordingly, the Court rejects Atkins' argument that Broomes, Hinkle, and Maclaskey are required parties in this lawsuit.

### 4. Atkins Fraudulently Joined Broomes, Hinkle, and Maclaskey.

As explained above, the Court finds that Atkins cannot establish a claim in state court against the three non-diverse defendants, Broomes, Hinkle, and Maclaskey. Therefore, the Court ignores these three Defendants' citizenship in its analysis of diversity of citizenship for removal purposes.[131] Disregarding these three Defendants, complete diversity of citizenship exists between Atkins and the other named Defendants. Accordingly, the Removing Defendants properly removed this action to federal court, and the Court denies Atkins' Motion to Remand.

Because the Court has determined that Atkins fraudulently joined Broomes, Hinkle, and Maclaskey in this lawsuit, the Court lacks jurisdiction over these Defendants to enter a judgment

---

[129] Again, the Court notes that Plaintiff does not request this relief in his Petition, but he argues that he is bringing an independent action.

[130] See *Birmingham v. Experian Info. Solutions, Inc.*, 633 F.3d 1006, 1021 (10th Cir. 2011).

[131] See *Brazell v. White*, 525 F. App'x 878, 884 (10th Cir. 2013).

on the merits.[132]   Consequently, the Court dismisses Defendants Broomes, Hinkle, and Maclaskey from this case without prejudice.[133]

### 5.   Request for Attorney Fees

In his Motion to Remand, Atkins requests nominal attorney fees under 28 U.S.C. §1447(c) of $1.00 because Atkins claims that the Removing Defendants had no objectively reasonable basis for seeking removal.  The Court cannot understand why Atkins would include such a request and then ask for a one dollar award.  Whatever the motive, the Court denies this aspect of Atkins' motion because it has likewise denied the predicate remand.

### III.   Atkins' Motion to Stay Proceedings

Plaintiff filed a Motion to Stay Proceedings (Doc. 13) requesting that the Court stay all further proceedings, including briefing on the Removing Defendants' Motion to Dismiss (Doc. 8), until the Court determines whether it has jurisdiction over this lawsuit in light of the arguments presented in Plaintiff's Motion to Remand.  This motion is largely moot as deadlines on the Motion to Dismiss, and proceedings in this case, were automatically stayed upon Atkins' filing the Motion to Stay.  The Court, however, grants Plaintiff's Motion to Stay Proceedings until the Court has ruled on the Motion to Remand.  Because the Court now rules upon and denies Plaintiff's Motion to Remand in this Order, the Court rules that the stay is terminated by this Order.

With regard to Defendants' Motion to Dismiss (Doc. 8), the Court **directs Defendants to file an amended memorandum in support of their Motion to Dismiss based upon the status**

---

[132] *Id.*

[133] *Id.* (citing *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004)).

of the case as it now exists.[134]   Defendants' amended brief should be filed **on or before October 8, 2014.**  Plaintiff's response shall be filed **within twenty-one days from the filing of Defendants' brief**.  Defendants' Reply must be filed and served **within fourteen days of the service of Plaintiff's response**.

   **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand Action to the District Court of Jefferson County Under 28 U.S.C. § 1447(c) (Doc. 12) is **DENIED**.

   **IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Deadlines (Doc. 13) is **GRANTED**, but the Court terminates that stay by the entry of this Order.   Defendants must file an amended brief in support of their Motion to Dismiss (Doc. 8) on or before October 8, 2014.  Plaintiff must respond to Defendants' Motion to Dismiss (Doc. 8) **within twenty-one days of the service of Defendants' brief**.  Defendants' Reply must be filed and served **within fourteen days of the service of Plaintiff's response**.

   **IT IS FURTHER ORDERED** that defendants John Wesley Broomes, Hinkle Law Firm, LLC, and Maclaskey Oilfield Services are dismissed from this action **WITHOUT PREJUDICE** because Plaintiff fraudulently joined them**.**

   **IT IS SO ORDERED.**

   Dated this 17th day of September, 2014.

   *Eric F. Melgren*
   ERIC F. MELGREN
   UNITED STATES DISTRICT JUDGE

---

[134] Several Defendants have now been dismissed (due to this Order), and the Tenth Circuit recently issued its decision on the appeal of the First Lawsuit, Case No. 09-0177-EFM.